**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JABARI LONG,

        Plaintiff,

v.

NEW YORK COMMUNITY BANK,
as Servicer for the FEDERAL DEPOSIT
INSURANCE CORPORATION, as Receiver
of AMTRUST BANK,

        Defendant.

Case No. 12-cv-12208
Honorable Denise Page Hood

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THIS CASE

**I.    INTRODUCTION**

This matter involves a challenge to a foreclosure. Now before the Court is Defendant New York Community Bank's Motion for Summary Judgment, filed August 23, 2012. Plaintiff, through counsel, filed a response, to which Defendant replied. For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES this case.

**II.   STATEMENT OF FACTS**

Jabari Long filed this matter *pro se* in Oakland County Circuit Court on April 17, 2012. Defendant removed the matter to this Court on May 18, 2012. Long makes several allegations in his Complaint:[1]

---

[1] Long misnumbered the Counts in his Complaint. The Counts reflect the correct numbers.

1

    Count I – Lack of Standing

    Count II – Injunctive Relief and Declaratory Order

    Count III – Fraud and Misrepresentation

    Count IV – Violation of Michigan Consumer Protection Act

    Count V – Violation of the Fair Debt Collections Practices Act

    Count VI – Violation of the Truth in Lending Act

    Count VII – Violation of UCC § 3-302

    Count VIII – Negligent Undertaking

    Count IX – Negligent Misrepresentation

This matter involves the foreclosure of a certain property in Franklin, Michigan. On September 19, 1997, Nicolaie Molnar and Maria Molnar (the "Molnars") obtained title to the property by Warranty Deed. On April 5, 2004, the Molnars executed a mortgage on the property with Mortgage Electronic Registration Systems ("MERS") in exchange for $940,000.00 from Kaye Financial Corporation. The mortgage was recorded on May 5, 2004 at the Oakland County Register of Deeds. On December 21, 2010, MERS, as nominee for Kaye Financial Corporation, assigned its interest in the mortgage to New York Community Bank. The assignment was recorded on January 4, 2011 at the Oakland County Register of Deeds.

The Molnars defaulted on the mortgage and Defendant initiated foreclosure proceedings. On October 3, 2010, the Molnars quit claimed the property to UBG Properties, LLC. The quitclaim deed was not recorded until April 5, 2012 in the Oakland County Register of Deeds. UBG Properties is owned by Long. On November 29, 2010, Defendant sent the Molnars letters informing them of the default and their right to request a loan modification pursuant to Michigan Complied Law §

600.3205a.

On November 30, 2010, Defendant provided notice of the right to mediation pursuant to Michigan Complied Law § 600.3205a(4). Defendants published notice of the foreclosure in the Oakland County Press on December 30, 2010, January 6, 2011, January 13, 2011, and January 20, 2011. Notice was also posted on the property on January 5, 2011. The property was sold at sheriff's sale to Defendant on February 8, 2011 for a credit bid of $886,250.00. The redemption period expired on August 8, 2011.

On April 17, 2012, UBG Properties transferred the property by quitclaim deed to Long and recorded the quitclaim deed on April 17, 2012. On April 17, 2012, Long also filed this action in Oakland County Circuit Court.

### III. LAW & ANALYSIS

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, summary judgment is inappropriate when a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is genuine if a reasonable jury could find for the nonmoving party. *Id*. The Court must consider the motion in the light most favorable to the moving party. *Celetrex Corp v. Catrett*, 477 U.S. 317, 232-24 (1986). The dispute as to a material fact cannot rest on solely on allegations and denials, but must be established by evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497

(E.D. Mich. 1993) (citations omitted).

As an initial matter, "Long concedes that all counts not related to the foreclosure and chain of title issues, such as Counts IV-VII, should be dismissed . . . ." [Docket No. 16, Pg ID 227]. At the October 17, 2012 hearing, Long further conceded that he was no longer pursuing Counts VIII (Negligent Undertaking) and IX (Negligent Misrepresentation). Long's remaining claims are Count I (Lack of Standing), Count II (Injunctive Relief and Declaratory Judgment), and Count III (Fraud and Misrepresentation).[2]

### A. Validity of Foreclosure

It is apparent that Long does not have standing to contest the assignment of the mortgage to Defendant. In his Complaint, Long argues that the note and the mortgage were separated causing the mortgage to become unenforceable. Long cannot contest Defendant's assignment because he was not a party to it. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 735–737 (E.D. Mich. 2010) ("hold[ing] that Borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments do not dispute (and in fact affirm) their validity"). Defendant was not required to record the underlying note in order to foreclose. Only "a record chain of title . . . evidencing the assignment of the mortgage" is required. MICH. COMP. LAWS § 600.3204(3); *see also Residential Funding Co, L.L.C. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183 (2011) (noting that the Michigan Supreme Court has previously "held that '[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security'") (quoting *Arnold v DMR*

---

[2] At the hearing, Long represented that there was no basis for the fraud claim.

*Financial*, 448 Mich. 671, 678, 532 N.W.2d 852 (1995)).  When the foreclosure proceedings were initiated, Defendant had record title of the mortgage and was entitled to foreclose on the property.

Defendant argues that Long does not have standing to contest the foreclosure because he was not a party to it.  Article III standing requires that (1) plaintiff suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). The party seeking to be heard in federal court must prove each element of standing with specificity.  *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

As Long lacks standing to contest the assignment between MERS and Defendant, he would also not have standing to contest the foreclosure of a mortgage to which he was not a party.  Long argues that he is the party who has been divested of his interest in the home due to the foreclosure and, therefore, has standing to challenge it.  The mortgage was executed on the behalf of the Molnars.  Long acquired his interest in the property by quitclaim deed in October 2010.  However, Long failed to record his interest until April 2012.  Defendant began foreclosure proceedings in December 2010 with no notice of Long's interest in the property.  Although the Molnars transferred the property to Long prior to the sheriff's sale, Long does not contest that he took the property subject to the mortgage. Notably, notice of the foreclosure was posted on the home in January 2011 and Long, as owner of UBG Properties, still failed to provide any notice of his interest in the property.  Long was not a party to the mortgage and failed to give Defendant any notice of his interest.  Long cannot now challenge the foreclosure.

Long contends that the foreclosure was not valid because Defendant initiated foreclosure proceedings prior to giving notice of the foreclosure. Once a mortgagee elects to foreclose by advertisement, the mortgagee must comply with certain statutory notice requirements and provide notice of the foreclosure by posting and publication. MICH. COMP. LAWS § 600.3208. A foreclosure that is initiated before the mortgagee owns an interest in the property is void. *Davenport v. HSBC Bank USA,* 275 Mich. App. 344, 347–49, 739 N.W.2d 383 (2007) (finding that foreclosure was void when bank published first notice of foreclosure before it actually acquired an interest in the indebtedness). A mortgagee seeking to foreclose on a property must "own the indebtedness or an interest in the indebtedness before undertaking to foreclose a mortgage by advertisement." *Id.* at 346–47. Failure to own an interest in the indebtedness prior to initiating foreclosure proceedings is "a structural defect that goes to the very heart" of the mortgagee's ability to foreclose by advertisement. *Id.* at 347–48.

The Court finds that there is no structural defect in the mortgage that would render the foreclosure void. Long argues that Defendant first published notice of foreclosure on November 30, 2010. The notice that Long takes issue with does not indicate that Defendant was foreclosing on the property. Rather, the notice provides that the Molnars had "the right to request a meeting with [the] mortgage holder or mortgage servicer . . . to make arrangements for a loan modification . . . ." [Docket No. 11, Ex. 5] Defendant acquired its interest in the property on December 21, 2010 and published its first notice of the foreclosure on December 30, 2010. The assignment of the mortgage was recorded on January 1, 2011. Although Defendant had not recorded its interest, it had an interest in the indebtedness. The foreclosure was, therefore, valid. Defendant is entitled to dismissal of Counts I.

6

**B.     Fraud**

In Michigan, fraud requires proof that: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or made the representation recklessly as a positive assertion; (4) the defendant made the statement intending that the plaintiff would rely on it; (5) the plaintiff reasonably relied on it; and (6) the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330. 336, 247 N.W.2d 813 (1976). Fraud must be based on a statement relating to a past or existing fact. *Id.* "Future promises are contractual and do not constitute fraud." *Id.*

This is a motion for summary judgment but Long's fraud claim does not even satisfy the requirement for survival under a motion to dismiss. The Federal Rules of Civil Procedure require a party to state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint must at least identify the time, place and contents of the allegedly fraudulent statements. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). Long provides no proof of fraud. He fails to describe the statements that constituted misrepresentation nor the time or place that the statements were said. He also fails to identify the speaker of the statements. Long provides no detail to support the basis of his claim for fraud. He provides no argument otherwise in his response to Defendant's motion for summary judgment. Furthermore, Long conceded at the October 17, 2012 hearing that there was no basis for his fraud claim. The Court finds that Defendant is entitled to dismissal of Count III.

**C.     Equitable Relief**

Long asks the Court to stay any foreclosure or collection proceedings by Defendant. An

7

injunction is a form of relief and not a separate cause of action. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663; 754 N.W.2d 899 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). Given that Plaintiff fails to state an independent cause of action, his request for injunctive relief must also be dismissed. Count II is dismissed.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment **[Docket No. 11, filed August 21, 2012]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager